**Continuation of Application for Search Warrant**

1. Your Affiant is a U. S. Postal Inspector with the U. S. Postal Inspection Service (USPIS) and has been so employed since August 2010. I am currently assigned to work a miscellaneous assignment to include Prohibited Mailings - Narcotics investigations. I have received advanced training by the USPIS in the investigation of controlled substances or proceeds/payments being transported through the United States. The Grand Rapids Domicile Multi-Functional Team has intercepted numerous parcels which were found to contain narcotics or proceeds of narcotics trafficking and other criminal activity.

2. This affidavit is made in support of an application for a search warrant on an Express Mail Parcel Label Number EI648302681US, addressed to Grant Dilley, 148 Wahwahtaysee Way, Battle Creek, MI 49015 with a return address of David Dilley, 17 Doris Ct., Redwood City, CA 94066. The parcel was mailed on February 11, 2014, from the San Francisco Post Office in San Francisco, CA 94128. Further, this parcel weighs 2 pounds 8 ounces, measures approximately 17" X 11" X 3 ½", bears $46.00 in postage and fees, and is in a brown cardboard box.

3. Experience and drug trafficking intelligence information gathered by the USPIS have demonstrated that the U. S. Postal Service Express Mail and Priority Mail are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Use of Express Mail and Priority Mail are favored because of the speed (Express Mail - overnight; Priority mail - two day delivery), reliability, free telephone and Internet package tracking service, as well as the perceived minimal chance of detection. Express Mail was originally intended for urgent, business to business, correspondence and Priority Mail for typical business correspondence with the majority utilizing computer generated address labels. Intelligence from prior packages, which were found to contain controlled substances or proceeds/payments, has indicated that these labels are usually from an individual to an individual. Express Mail is seldom used for individual to individual correspondence.

4. In an effort to combat the flow of controlled substances through the overnight delivery services, interdiction; programs have been established in cities throughout the United States by the USPIS. These cities have been identified as known sources of

controlled substances. The USPIS conducted an analysis of prior packages mailed through overnight delivery services, which were found to contain controlled substances or proceeds/payments of controlled substance sales. The analysis of prior packages, which were found to contain controlled substances or proceeds/payments, indicated that these labels are usually from an individual to an individual. In the few cases when overnight delivery packages containing controlled substances or proceeds/payments have displayed a business or company name, it has usually proven to be a fictitious business or company. Additionally, this analysis has established a series of characteristics which, when found in combination of two or more, have shown a high probability that the package will contain a controlled substance or the proceeds of controlled substance sales. Information collected by the USPIS has demonstrated that the presence of these characteristics is significant for delivery services, to include U. S. Postal Service Express Mail, U.S. Postal Service Priority Mail, Federal Express, and United Parcel Service. This profile includes the following characteristics: weight exceeding 8 ounces for Express Mail, package mailed from or addressed to a narcotic source city; package has a fictitious return address; package addressee name is unknown at the destination address; package sender name is unknown at the return address; package has address information which is handwritten; package is mailed from a Commercial Mail Receiving Agency (CMRA); package is addressed to residential areas; package is addressed from an individual to an individual; packages are heavily taped; packages are absent of a business account number; and the ZIP Code from where the package is mailed is often different than the ZIP Code used in the return address; package was mailed from an Automated Postal Center (APC), which would eliminate the personal interaction of the mailer with a USPS clerk.

    5. The U. S. Postal Inspection Service Grand Rapids Domicile Multi-Functional Team has found the characteristics listed in paragraphs three and four are indicative of packages, which have been found to contain illegal controlled substances or the proceeds/payments for controlled substances.

    6. From my training, personal experience, and the collective experience related to me by other Postal Inspectors in the Prohibited Mailings Team who specialize in investigations relating to the mailings of controlled substances and the proceeds from the

2

sale of controlled substances, I am aware that Redwood City, CA is located in Northern California which is a source location for controlled substances. As such, controlled substances are frequently transported from Northern California via the United States Mail, and the proceeds from the sale of the controlled substances are frequently returned to Northern California also via the United States Mail.

7.  On February 12, 2014, this Subject Express Mail parcel was observed by Postal Inspectors while profiling packages destined for delivery in Western Michigan. Postal Inspectors removed the parcel from the mail stream for further investigation. Upon a further inspection of the Subject parcel, I believed it displayed several characteristics that indicated that it may contain a quantity of controlled substances or proceeds related to the sale of controlled substances.

8.  A review of the Subject Parcel revealed it met multiple characteristics described in Paragraphs No. 3 and 4; the subject parcel bears a handwritten label, weighs more than 8 ounces, sender name is unknown at the return address, it was mailed from Northern California which is a known narcotic mailing location and the ZIP Code from where the package is mailed is different than the ZIP Code used in the return address.

9.  On February 12, 2014, Postal Inspectors in Grand Rapids, MI discovered per law enforcement databases that the sender's purported name, David Dilley, was not associated to the listed address of 17 Doris Ct., Redwood City, CA 94066.  It was discovered that the recipient's purported name Grant Dilley, was associated to listed address of 148 Wahwahtaysee Way, Battle Creek, MI 49015.

10.  Based on my training and experience, I have learned that individuals who mail and receive controlled substances and their proceeds by mail often use a fictitious or incomplete name or address in order to hide their true identity.

11. On February 12, 2014, I met Trooper J. Bozek at the USPIS office located at 800 Monroe NW, Grand Rapids, MI.  Trooper J. Bozek is assigned to the Michigan State Police Hometown Security Team (HST) and is a member of the Michigan State Police. Trooper Bozek brought "Yaro," a narcotics detection K-9, to this office.  According to Bozek, "Yaro" is a three year old German Shepherd Police Service Dog certified in narcotics detection.  K-9 "Yaro" was trained in narcotics detection by the Michigan State Police Training Academy in Lansing, Michigan.  Trooper Bozek and K-9 "Yaro" were

3

trained in narcotics detection as a team with the Michigan State Police Training Academy in May of 2012. K-9 "Yaro" is trained in the odors of marijuana, cocaine, crack cocaine, heroin and methamphetamine. Trooper Bozek and K-9 "Yaro" are required to certify annually in narcotics detection with the Michigan State Police Training Academy and was last certified in October 2013. This certification with the Michigan State Police Training Academy is both current and valid. Trooper Bozek and K-9 "Yaro" train as a team weekly. K-9 "Yaro" has successfully indicated on the odor of narcotics in excess of 100 times while investigating specific complaints and in training sessions. Trooper Bozek has found K-9 "Yaro" to be reliable.

12. On February 12, 2014, at approximately 11:10 AM, at the USPIS Office in Grand Rapids, MI, I arranged a controlled substance detecting test by placing the subject parcel with four similar parcels in an area of the USPIS office. I observed Trooper J. Bozek and "Yaro" enter the test area. I observed "Yaro" examine the area and alert only on the Subject Parcel by sitting at the parcel. Trooper J. Bozek advised me that this action indicated that narcotics and/or controlled substances were likely contained in the parcel.

13. Based on the above facts, there is probable cause to believe there are controlled substances and/or proceeds from the sale of controlled substances contained in the Subject Parcel, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, and request authority to search it.